IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE §
PETITION OF WILLIAM § No. 220, 2015
GREGORY FOR A WRIT OF §
MANDAMUS. §

Submitted: May 19, 2015
Decided: July 9, 2015

Before **HOLLAND**, **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

This 9th day of July 2015, upon consideration of the petition for a writ of mandamus filed by William Gregory and the answer and motion to dismiss filed by the State of Delaware, it appears to the Court that:

(1) On August 26, 2014, William Gregory filed an appeal from the Superior Court's denial of his third motion for postconviction relief (hereinafter "the Appeal"). The Appeal, which is now closed, proceeded as *Gregory v. State*, No. 463, 2014. The Panel of the Court assigned to consider the Appeal affirmed the Superior Court's judgment in an Order dated January 12, 2015 (hereinafter "the January 12 Order").

(2) On January 28, 2015, at the conclusion of the fifteen-day period for filing a motion for reargument or motion for rehearing *en Banc*, the Clerk issued the mandate in accordance with Supreme Court Rule 19(a). The original mandate, including a certified copy of the January 12 Order,

was sent to the Superior Court. Copies were sent to the parties. With the issuance of the mandate, the Appeal was closed.

(3) On February 6, 2015, Gregory filed a motion seeking a twenty-day extension of time to file a motion for rehearing *en Banc* in the Appeal. In support of his motion, Gregory explained that he had not received the January 12 Order until January 31, 2015, when he received his copy of the mandate. On February 6, 2015, the Clerk sent Gregory a copy of the docket sheet. The docket sheet indicated that the Appeal was closed, and that no action would be taken on the motion for extension of time.

(4) Undeterred, Gregory filed a motion for rehearing *en Banc* in the Appeal. In a letter, Gregory asserted that he did not receive the January 12 Order in a timely fashion, and he asked that the Court consider the motion for rehearing. A few days later, Gregory made a similar request in a document entitled "praecipe." By letter dated February 20, 2015, the Clerk advised Gregory that the Appeal was closed when the mandate issued, and on February 23, 2015, the Clerk sent Gregory another copy of the docket sheet.

(5) On April 15, 2015, Gregory filed a petition for a writ of mandamus. In the petition, Gregory asked the Court to compel the Clerk to process the "praecipe" and accept the motion for rehearing *en Banc*. The

mandamus petition was docketed in the Appeal. By letter dated April 15, 2015, the Clerk informed Gregory that the Court had stricken the petition as inappropriately filed.

(6) On May 1, 2015, Gregory filed the above-captioned petition for a writ of mandamus. The petition was docketed as an original action under Supreme Court Rule 43. In the petition, Gregory asks the Court to compel the Clerk to process the "praecipe" and accept the motion for rehearing *en Banc*.

(7) On May 19, 2015, Counsel for the State moved to dismiss the petition on the basis that the Court is without jurisdiction to issue a writ of mandamus to itself or to its Clerk. In an answer to the petition, Counsel notes that he spoke to the Department of Correction about Gregory's legal mail log between January 11, 2015 and February 10, 2015. Counsel reports that "[a]lthough it appears that Gregory received a mailing from this Court on January 31, 2015, undersigned counsel cannot confirm that Gregory received any mailing from this Court prior to that date."

(8) The Court has carefully considered Gregory's petition for a writ of mandamus, the State's answer and motion to dismiss, and the Court's record in the Appeal. The Court finds that, due to court error or other reason not attributable to Gregory, Gregory did not receive the January 12 Order

3

until January 31, 2015. By then, the time for filing a motion for rehearing had expired. Under these circumstances, the Court concludes that Gregory has established good cause to consider the motion for rehearing *en Banc*.[*] Accordingly, the Court will direct the Clerk to recall the mandate in the Appeal. Once the mandate is recalled, the Court will consider the motion for rehearing *en Banc* filed on February 20, 2015.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall docket a copy of this Order in the Appeal, *Gregory v. State*, No. 463, 2014, and take further action consistent with this Order. Gregory's petition for a writ of mandamus is DISMISSED as moot.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[*] *Bey v. State*, 402 A.2d 362, 363 (1979) ("Because defendant did all that was required of him in seeking review; and because his default has been occasioned by court related personnel; his petition for review will not be denied.")

4